**Jagjit SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74412.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2005.

Decided Jan. 11, 2006.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Andrew C. Maclachlan, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, HAWKINS, and BEA, Circuit Judges.

MEMORANDUM *

Petitioner Jagjit Singh ("Jagjit") challenges the denial of his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief by the Immigration Judge ("IJ"), which was summarily affirmed by the Board of Immigration Appeals ("BIA"). The IJ based his decision on (1) questions regarding Jagjit's credibility, (2) a finding that Jagjit provided insufficient evidence that his mistreatment was due to his political opinion, and (3) a finding that Jagjit was not mistreated "by or at the acquiescence of a public official acting in an official capacity."

■ In the absence of an explicit adverse credibility finding, the applicant's factual contentions are assumed to be true. *Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000). Vague comments about the applicant's credibility do not constitute a credibility finding; the finding must be clearly stated. *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137—38 (9th Cir.2004). Here, the IJ made only two statements related to credibility. The first found Jagjit's documentation, but not his testimony, "not credible." In the second, the IJ stated, "Such stories are not consistent with the modus operandi of the Indian police and are, therefore, not credible." This statement matches, verbatim, the language of a State Department country report referring to a scenario wholly different from Jagjit's

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

claim. These comments are not explicit enough to overcome the presumption that Jagjit's testimony is true.

■ Even if, however, the credibility finding had been more explicit, the questionable documentation and supposed conflict with the State Department country report are insufficient bases for such a determination.

Supporting documentation is required only when the applicant's testimony is insufficient, by itself, to support the claim. *See Salaam v. INS*, 229 F.3d 1234, 1239 (9th Cir.2000). Even where an applicant submits a potentially fraudulent document that goes to the heart of the claim, it cannot support an adverse credibility finding where the totality of the evidence weighs in favor of the applicant's credibility. *See Yeimane–Berhe v. Ashcroft*, 393 F.3d 907, 911 (9th Cir.2004). The only inconsistency in Jagjit's documentation is an apparently incorrect birth date in his passport. But Jagjit's birth date has no bearing on his claim, there is no credible evidence of fraud, and Jagjit's testimony is sufficient to support his claim without supporting documentation.

While the IJ may use a country report to discredit a generalized statement about the country, the IJ may not use it to discredit specific testimony regarding the applicant's individual experience. *Zheng v. Ashcroft*, 397 F.3d 1139, 1143–44 (9th Cir.2005). Moreover, the section of the country report the IJ relied on to discredit Jagjit's testimony describes a situation entirely different than the one described by Jagjit's testimony. Therefore, the IJ's use of the State Department country report is invalid.

■ In order to be eligible for asylum, Jagjit must show that he was persecuted on the basis of a statutorily protected ground. *Navas v. INS*, 217 F.3d 646, 655

(9th Cir.2000). Political opinion is one of the five protected grounds. *Id.* at 656. In order to show he was persecuted on account of his political opinion, Jagjit must show that (1) he held a political opinion and (2) his persecutors persecuted him because of his political opinion. *Id.* Persecution may be motivated by multiple factors, as long as it is motivated at least in part by the applicant's political opinion. *See Briones v. INS*, 175 F.3d 727, 729 (9th Cir.1999) (en banc). Here, there was ample evidence that Jagjit was a supporter and member of the Shiromani Akali Dal (Amritsar) Party, which peacefully strives, on behalf of Sikhs, to gain "separate rule" for Khalistan. The evidence also showed that Jagjit was twice arrested and beaten soon after decrying specific incidents involving the police abuse of Shiromani Akali Dal (Amritsar) members. This evidence is sufficient to show that Jagjit was mistreated on account of his political opinion.

■ Finally, the IJ stated, "I ... deny the Torture Convention because [Jagjit] has not been mistreated by or at the acquiescence of a public official acting in an official capacity." CAT regulations require that the torture be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18. In this context, "public official or other person acting in an official capacity" is synonymous with "state actor." *See Castellano–Chacon v. INS*, 341 F.3d 533, 551–52 (6th Cir.2003) ("torture must be inflicted, instigated, consented to, or acquiesced in, by state actors"). Police officers, like those who beat Jagjit, are "prototypical" state actors. *Boer–Sedano v. Gonzales*, 418 F.3d 1082, 1088 (9th Cir. 2005). They are, therefore, public officials under CAT.

We remand pursuant to *INS v. Ventura*, 537 U.S. 12, 17–18, 123 S.Ct. 353, 154

L.Ed.2d 272 (2002), for proceedings consistent with this disposition.

PETITION GRANTED AND REMANDED.